## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER TAYLOR, JULIE M. TOTSCH, THOMAS J. FOLEY, ANN BURKS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW J. McKELVEY, MONSTER WORLDWIDE, INC., MONSTER WORLDWIDE, INC. 401(K) SAVINGS PLAN ADMINISTRATIVE COMMITTEE, CHRIS G. POWER, GREG LIMOGES, PEGGY BUCHENROTH, ROBERT MOLNAR, MARGARETTA NOONAN, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No.: 06-cv-8322 (AKH)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 2/9/10 |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Court's December 3, 2009 Order on the Plaintiffs' application for preliminary approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), dated November 13, 2009.[1] Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

---

[1] Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Class Action Settlement Agreement, which has been filed in this Action.

2. The Court certifies this Action as a Class Action under Fed. R. Civ. P. 23(a) and 23(b)(1) and 23(b)(2). The Class is defined as all persons who were participants in or beneficiaries of the Plan,[2] as defined in Section 1.32 of the Settlement Agreement, during the Class Period whose accounts included investments in Monster common stock or units in the Monster Stock Fund. This includes, without limitation, any persons who have been participants or beneficiaries of the Plan since January 1, 2000 but who as of September 14, 2009 were no longer participants or beneficiaries of the Plan. Excluded from the Settlement Class are Defendants and Dismissed Defendants herein.

3. Jennifer Taylor, Julie M. Totsch, Thomas J. Foley and Ann Burks are appointed as Class Representatives, and Squitieri & Fearon, LLP and Gainey & McKenna are appointed as Counsel for the Class ("Class Counsel) pursuant to Fed. R. Civ. P. 23(g).

4. The Court finds:

(a) The Class is so numerous that that joinder of all Class Members before the Court individually is impracticable. Internal Revenue Service/Department of Labor Forms 5500 filed by the Plan indicate there are likely thousands of Settlement Class Members, and for the purpose of this Settlement, Defendants did not dispute this estimate.

(b) The Class allegations present common questions of law and/or fact, including:

(i) Whether the Defendants breached fiduciary obligations to the Plan and the participants by causing the Plan to offer Monster common stock or units

---

[2] The "Plan" at issue is the Monster Worldwide, Inc. 401(k) Savings Plan.

2

in the Monster Stock Fund as an investment option for the Plan at a time when the Defendants knew or should have known that the stock was not a prudent investment;

(ii) Whether the Defendants breached their fiduciary obligations by permitting Monster to make matching contributions to the Plan and the participants of the Plan in the form of Monster common stock or units in the Monster Stock Fund;

(iii) Whether the Defendants breached fiduciary obligations by causing the Plan to make and maintain investment in Monster common stock or units in the Monster Stock Fund at a time when it was not prudent to do so;

(iv) Whether the Defendants breached fiduciary obligations by providing incomplete and inaccurate information to participants regarding Monster common stock or units in the Monster Stock Fund;

(v) Whether certain Defendants breached fiduciary obligations by failing to prudently monitor the other Defendants, such that the interests of the Plan and participants were not adequately protected and served; and

(vi) Whether as a result of the alleged fiduciary breaches engaged in by the Defendants, the participants and beneficiaries suffered losses.

(c) The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied because the claims of the Class Representatives arise from the same alleged course of conduct that gives rise to the claims of the Class Members, and their claims are based on the same legal theory. Class Representatives allege that they and the other members of the Class

3

were participants or beneficiaries in the Plan during the Class Period whose Plan accounts included investments in Monster common stock or units in the Monster Stock Fund, that the Plan's fiduciaries treated them and all other participants of the Plan alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the Class Representatives are sufficiently typical of the claims asserted by the Class as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

(d)    The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. The Class Representatives have no conflicting interests with absent members of the Class. The Court is satisfied that Class Counsel are qualified, experienced, and prepared to represent the Class to the best of their abilities.

(e)    The Class also satisfies the requirements of Fed. R. Civ. P. 23(b)(1). Class Representatives' breach of fiduciary duty claims were brought on behalf of the Plan and its participants, creating a risk that failure to certify the Class would leave future plaintiffs without relief. There is also a risk of inconsistent dispositions that might prejudice the Defendants and/or result in contradictory rulings including as to whether various Defendants acted as fiduciaries, whether the continued investment in Monster common stock or units in the Monster Stock Fund was prudent, and whether certain Defendants' disclosures to participants in the Plan were appropriate.

(f)    The Class also satisfies the requirements of Fed. R. Civ. P. 23(b)(2). Class Representatives' claims are based on allegations that Defendants breached their fiduciary duties owed to the Class as a whole regarding their alleged imprudent investment of the Plan's assets in Monster common stock or units in the Monster Stock Fund, thereby

4

making appropriate final injunctive relief or corresponding declaratory relief appropriate.

(g)     The Court has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Class. Class Counsel have done substantial work to identify, investigate and litigate the claims in this Action. Class Counsel have represented that they have investigated the allegations in the Complaint by interviewing witnesses, reviewing publicly available information, reviewing millions of pages of documents, deposing witnesses, obtaining non-party discovery, mediating the claims and consulting with experts. Class Counsel have experience in handling class actions and claims of the type asserted in this Action. Class Counsel have also demonstrated knowledge of the applicable law. Finally, over the course of more than two years, Class Counsel have devoted considerable resources to and have aggressively litigated this case. The Court concludes that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

(h)     The Settlement Class has received proper and adequate notice of the Settlement Agreement, the Fairness Hearing, Class Counsel's application for attorneys' fees and expenses and for Named Plaintiffs' compensation, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included mailing an individual notice to all members of the Settlement Class who could be identified through reasonable efforts, national publication of notice and posting of notice on a dedicated Internet website, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding

5

the procedures for the making of objections. Such notice fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

5.  Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

6.  The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

7.  The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, and more particularly finds:

(a)  The Settlement was negotiated vigorously and at arms'-length by the Named Plaintiffs and Class Counsel on behalf of the Settlement Class seeking Plan-wide relief for the Plan;

(b)  The Action settled following two years of aggressive litigation by the Named Plaintiffs and Defendants. The Action settled following arms'-length negotiations and mediation by counsel who were thoroughly familiar with this litigation and with the aid of an experienced mediator. The Named Plaintiffs and the Defendants had sufficient information to evaluate the settlement value of this Action;

(c)  If the Settlement had not been achieved, Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. Named Plaintiffs contend that their chances of success at trial were excellent in view of, *inter alia,* (i) the evidence gathered by Plaintiffs' Counsel, (ii) the Deferred Prosecution Agreement entered into by

6

Andrew J. McKelvey, the guilty plea and testimony given by Monster's former General Counsel, and the exhibits and testimony introduced at the recent trial of James Treacy, (iii) the expert testimony Plaintiffs expected to offer at trial, (iv) the structure of the Plan and its administration, and (v) what Named Plaintiffs characterize as favorable documents and testimony that would be offered at trial. Defendants contend that their chances of success on summary judgment, at trial and/or on appeal, if necessary, were excellent in view of, *inter alia,* (i) alleged legal presumptions favoring the offering of company stock in ERISA defined contribution plans, (ii) what Defendants characterize as Plaintiffs' high burden of proof at trial, (iii) the expert testimony that Defendants expected to offer at trial, (iv) explanations for the Plan's alleged losses unrelated to actions or inactions of the Plan's fiduciaries, and (v) alleged favorable determinations of legal issues in similar cases. The Court takes no position on the merits of the case, but notes these arguments as evidence in support of the reasonableness of the Settlement;

(d) The amount of the Settlement -- $4,250,000 -- is fair, reasonable, and adequate. ~~The Settlement amount is within the range of settlement values obtained in similar cases.~~ [handwritten insertion: The amount is a gross amount before awards to the few plaintiffs individually, totaling $35,000, and before attorneys' fees and allowances, to be considered and ordered after a subsequent hearing;]

(e) At all times, the Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class; and

(f) The Court recognizes that no Class Member has objected to the Settlement.

8. Upon the Effective Date, it is ordered that the following claims are and shall be finally and permanently released by operation of this Order and Final Judgment:

7

(a) <u>Releases by the Named Plaintiffs and the Settlement Class</u>: Named Plaintiffs shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge with prejudice, and the Settlement Class shall, by operation of the Final Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged with prejudice the Released Parties from all Released Claims, including, without limitation, Unknown Claims.

(b) <u>Releases by Defendants</u>: Defendants shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge with prejudice the Plaintiffs' Released Parties from any and all Settled Defendants' Claims, including, without limitation, Unknown Claims.

(c) Bar Order Against Dismissed Defendants:   The Dismissed Defendants shall and hereby are conclusively, absolutely, unconditionally, irrevocably, and forever barred, prohibited and enjoined from asserting, commencing or prosecuting any claim or action against Plaintiffs, Plaintiff's Counsel, Defendants or Defendant's Counsel based upon, arising from or relating to the institution, prosecution, settlement or allegations set forth in the Action, including, without limitation, the Released Claims and the Settled Defendants' Claims.

9. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement, or any challenges as to the performances, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction over and rule by separate Order

with respect to all applications for awards of attorneys' fees and expenses by Class Counsel and compensation to the Named Plaintiffs made pursuant to the Settlement Agreement as well as distributions made pursuant to the Plan of Allocation.

10. In the event that the Settlement Agreement is terminated in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc,* and the Action shall proceed as provided in the Settlement Agreement.

11. This Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach, or liability.

12. Any Court order regarding the Plan of Allocation, the application for a case contribution award for the Named Plaintiffs, or any application for attorneys' fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

IT IS SO ORDERED:

Dated: Feb. 9, 2010

HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE